## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | |
|---|---|
| CHRIS OLSEN | PLAINTIFF |
| V. NO. 4:06CV01620 JMM | |
| TOM HINRICHS | DEFENDANT |
| TOM HINRICHS | COUNTER CLAIMANT |
| V. | |
| CHRIS OLSON | COUNTER DEFENDANT |
| TOM HINRICHS | THIRD-PARTY PLAINTIFF |
| V. | |
| ANDREW ADKINS AND ANNETE QUECK | THIRD-PARTY PLAINTIFFS |

## ORDER

Pending is third party defendant, Andrew Adkins', motion to strike the third party complaint. (Docket # 52). Federal Rule of Civil Procedure 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim.

Defendant, Hinrichs claims that Adkins was negligent and or guilty of negligence per se in his capacity as a notary public. Specifically, Hinrichs claims that Adkins notarized a deed by which Hinrichs' interest in a property on Reservoir Road was transferred to Olsen solely in his own name. Hinrichs contends that he did not sign the deed of conveyance but the document was forged and Adkins failed to honor his duties as a notary public resulting in the recording of a forged document.

The original complaint filed by Olsen seeks partition of various properties owned by Olsen and Hinrichs. Accordingly, the interest of Olsen and Hinrichs in each of these properties is directly in issue. Thus, the Court finds that the Third Party Complaint is proper and the motion is strike is denied.

IT IS SO ORDERED this 10th day of April, 2007.

                                                       */s/ James M. Moody*
                                                       James M. Moody
                                                       United States District Judge