IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| CHRIS OLSEN | PLAINTIFF |
| V.    NO. 4:06CV01620 JMM | |
| TOM HINRICHS | DEFENDANT |
| TOM HINRICHS | COUNTER CLAIMANT |
| V. | |
| CHRIS OLSEN | COUNTER DEFENDANT |
| TOM HINRICHS | THIRD-PARTY PLAINTIFF |
| V. | |
| ANDREW ADKINS AND ANNETE QUECK | THIRD-PARTY DEFENDANTS |

## ORDER

Pending is the motion to dismiss filed by Third-Party Defendant Andrew Adkins ("Adkins"). (Docket # 102). Third-Party Plaintiff, Tom Hinrichs has responded. For the reasons set forth herein, the Court finds that Adkins' motion[1] should be, and hereby is, denied.

Facts

Third-Party Plaintiff, Tom Hinrichs, filed a third-party complaint on or about March 2, 2007 and an amended third-party complaint on May 4, 2007, alleging that Adkins is guilty of conversion, fraud and notary negligence based upon Adkins failure to witness the signature of

---

[1]The parties have presented matters outside the pleadings for consideration by the Court, accordingly, the Court will treat Adkins' motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(b).

Hinrichs on the deed conveying certain real property located at 2001 Reservoir Road, Little Rock, Arkansas.

Hinrichs claims that he and Olsen had a personal and financial relationship extending for approximately ten (10) years and as a part of that relationship, they agreed to pool their earnings, income and accumulations.  During the course of the relationship with Olsen, Hinrichs contends that various real properties, business interests and other properties were acquired.  One of the properties acquired was known as 2001 Reservoir Road, Unit 4, Little Rock, Arkansas.  This property had been held of record as jointly owned by Hinrichs and Olsen but in July, 2004, Olsen allegedly forged Hinrichs signature to a deed conveying Hinrichs' interest in this property to Olsen alone.

Hinrichs claims that Adkins admitted in his deposition completed on April 18, 2007 that he knew his duties as a notary were to have Hinrichs present to acknowledge that he signed the deed for the Reservoir Road property or to confirm that he had done so, but he did neither. Hinrichs contends that the deed was presented to Adkins' receptionist with Hinrichs' signature affixed and Adkins notarized the deed.  Further, Olsen testified in his deposition dated April 18, 2007 that he never had a written power of attorney to sign documents for Hinrichs.

Adkins alleges that subsequent to the filing of the original third-party complaint, a Power of Attorney executed by Hinrichs was produced during discovery.  Pursuant to Paragraph No. 7 of the Power of Attorney, Hinrichs appointed Olsen as his true and lawful agent and attorney-in-fact to sell or lease any real or personal property owned by him and to execute, acknowledge and deliver all conveyances or other instruments incident thereto.  Based upon this document, Adkins contends that the third-party complaint should be dismissed.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the

outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

Although the power of attorney produced in discovery purports to appoint Olsen as Hinrichs agent and attorney-in-fact for purposes of conveying any interest in real or personal property, Hinrichs challenges the authenticity of the document. Based on the evidence submitted, the Court cannot conclude that the power of attorney would be admissible. Further, based on the testimony of Olsen and Adkins, the Court concludes that Adkins did not rely on the power of attorney in notarizing the deed and Olsen did not sign the deed as Hinrichs attorney-in-fact. According to Adkins, Olsen admitted that Hinrichs signature was a forgery. Accordingly, the Court finds that questions of fact remain which preclude the entry of summary judgment.

Wherefore, Adkins' motion, docket # 102, is denied.

IT IS SO ORDERED this 16th day of July, 2007.

James M. Moody
United States District Judge